## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**TED SWITZER,**

    *Plaintiff,*

**v.**                              **Case No.  SA-21-CV-01119-JKP**

**STATE FARM LLOYDS,**

    *Defendant*.

## <u>MEMORANDUM OPINION AND ORDER</u>

    Before the Court is Defendant State Farm Lloyds's Motion for Partial Summary Judgment and the responsive filings. *ECF Nos. 20,22,23*. Upon consideration, the Court concludes the Motion shall be **GRANTED**. Switzer's causes of action of breach of contract and violation of the Texas Prompt Payment Act remain for trial.

### Procedural Background

    Plaintiff Ted Switzer held a property insurance contract with State Farm Lloyd's (State Farm) covering his residential property. This case arises from Switzer's claim for coverage benefits due to damage to his property caused by a hailstorm on May 27, 2020. Based upon allegations that State Farm improperly failed to satisfy its insurance coverage liability, Switzer asserted causes of action for breach of the insurance contract, violation of the Texas Insurance Code § 541 for unfair settlement practices, violation of the Prompt Payment Act in Texas Insurance Code § 542, violation of the Texas Deceptive Trade Practices Act, breach of duty of good faith and fair dealing, and common law fraud. *ECF No. 1*.

State Farm filed this Motion for Partial Summary Judgment on the causes of action of violation of the Texas Insurance Code § 541 for unfair settlement practices, violation of the Texas Deceptive Trade Practices Act, breach of duty of good faith and fair dealing, and common law fraud. *ECF No. 20*. State Farm also seeks summary-judgment dismissal of Switzer's claim for exemplary damages based upon these causes of action. *Id*. In his response, Switzer concedes summary judgment is appropriate on the causes of action of fraud and violation of the Texas Deceptive Trade Practices Act. *ECF No. 22*. Consequently, summary judgment on these two causes of action will be granted.

## Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judg-

ment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## Discussion

### 1. Breach of Duty of Good Faith and Fair Dealing ("Bad Faith")[2]

An insurer holds a duty to deal fairly and in good faith with its insureds. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995); *Bates v. Jackson Nat'l. Life Ins. Co.*, 927 F. Supp. 1015, 1021 (S.D. Tex. 1996). An insurer breaches this duty and will be liable if it "knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *United States Fire Ins. Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997). Consequently, under this reasonably-clear standard for determination of liability, "an insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 44 (Tex. 1998); *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997); *see also Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 537 (S.D. Tex. 1999).

---

[2] Typically, a cause of action asserting breach of good faith and fair dealing is referred to colloquially as a "bad faith claim."

"As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). This determination of bad faith does not focus on whether the insured's coverage claim was valid, but, instead, on the reasonableness of the insurer's conduct in rejecting the claim. *Id.* Facts and evidence that show only a bona fide coverage dispute do not rise to the level of bad faith to impose liability. *Simmons,* 963 S.W.2d at 43; *Williams,* 955 S.W.2d at 268; *Nicolau,* 951 S.W.2d at 448; *Douglas*, 37 F. Supp. 2d at 537.

Similarly, an insurer is obligated to adequately investigate a claim before denying it. *Giles*, 950 S.W.2d at 56 n.5. "An insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear. Instead, we reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Id.* "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Simmons*, 963 S.W.2d at 44–45. If an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *Id.* An insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim, was conducted with an "outcome oriented" approach, or an expert's report was not objectively prepared. *See, e.g., Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 44-45.

Although the issue whether an insurer acted in bad faith, or the reasonableness of the insurer's conduct, is usually a question of fact for the jury, a court may determine as a matter of law that undisputed record evidence establishes an insurer had a reasonable basis for denying or delaying a claim payment. *See Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191, 2020 WL

1033657, at *4 & n.2 (W.D. Tex. Mar. 2, 2020). If the insurer satisfies this summary judgment burden, the burden shifts to the insured to prove, and a court then must determine, whether the "insured failed to present evidence sufficient to support a bad faith claim." *Id*.

In this Motion for Summary Judgment, State Farm must present undisputed record evidence that establishes, as a matter of law, it had a reasonable basis for denying or delaying payment on Switzer's coverage claim. State Farm contends the undisputed evidence shows this case involves an honest dispute as to the extent of damage to Switzer's property caused by the subject hailstorm and the cost of the work necessary to rectify this damage.

State Farm presents summary judgment evidence through the Declaration of Claim Specialist Joshua Cole and pertinent records contained within the case file.[3] *ECF No. 22, Exhs. A to A-21*. State Farm's summary judgment evidence reveals undisputed facts pertaining to the procedural history of the parties' investigation of Switzer's insurance claim and the actions and discussions of the parties during State Farm's investigation and determination of liability. This undisputed factual evidence reveals the following.

On May 28, 2020, Switzer provided State Farm with notice of a claim for hail damage resulting from a hailstorm that occurred on May 27, 2020. *ECF No. 22, Exh. A-1*. On June 3, 2020, State Farm's adjuster Travis Brock called Switzer to discuss a field inspection. At that time, Switzer reported damage to his roof, windows, gutters, and downspouts, but no interior damages. *Id*. On June 12, 2021, Emanuel Roland, State Farm's inspector, completed a roof and exterior inspection of the property. *Id*. He identified one hail impact to the roof front slope and three hail

---

[3] State Farm also presents the expert reports of its retained expert witnesses Alan Berryhill and Jordan Beckner. *ECF No. 20, Exhs. B-1, B-2*. These expert witness reports were derived from a retrospective review of the facts pertinent to this case and were prepared during the course of this litigation to support State Farm's defense. Because these reports are not relevant to the Court's focus here, of the reasonability of State Farm's investigation and determination based upon the facts and circumstances before it at that time, this Court will not review or analyze the expert reports of Berryhill and Beckner.

impacts to the roof rear slope, as well as hail damage to turbine vents, rain caps, and a skylight. *Id*. Roland did not report any damage to the gazebo roof. Based on Roland's inspection findings, Brock completed a below-deductible estimate totaling $777.51 for roof repair and replacement of three turbine vents, two exhaust caps, and one skylight. *Id. at Exh. A-2*. Brock then issued a letter explaining the estimated cost and loss below deductible and provided a copy of the letter to Switzer. *Id. at Exh. A-3*.

Switzer requested re-inspection with an adjuster and his contractor, and Brock advised Switzer to have his contractor provide an estimate and photos for review. *Id. at Exh. A-1*. Switzer's independent contractor Daniel Garcia with Ideal Precision Roofing provided photos as well as an estimate totaling $22,768.46 for total replacement of the dwelling and gazebo roof, replacement of gutters and downspouts, combing and straightening of A/C fins, cleaning, and sealing, priming, and painting. *Id. at Exh. A-4*. State Farm's adjuster Larry Hadley then spoke with Switzer and scheduled a second inspection. *Id. at Exh. A-1*. On August 19, 2020, Hadley completed a second inspection of the property and identified hail hits to all roof slopes but found the roof to be repairable. *Id*. Hadley also identified hail damage to the gutters and downspouts at the rear elevation. *Id*. Hadley then revised the estimate to total $2,370.47, which remained below deductible, and provided a issued a letter explaining the estimated cost and loss below deductible and provided a copy of the letter to Switzer. *Id. at Exhs. A-5, A-6*.

On April 23, 2021, an adjuster hired by Switzer, Layden Walker, provided a notice of representation as well as an estimate of $98,162.60 for total replacement of the residence and gazebo roofs, the gutter, downspouts, gutter guard, AC condenser, and cleaning and painting as well as general and miscellaneous items, permit fees, and his public adjusting fee. *Id. at Exh. A-7*. Walker later revised the estimate to $100,322.98. *Id. at Exh. A-8*.

Following receipt of Walker's notice and initial estimate, State Farm scheduled a third inspection of the property. *Id. at Exh. A-1*. On May 6, 2021, Anthony Barchetti inspected the property, with Walker and Switzer's contractor present. *Id.* Barchetti identified hail damage of six or more hail hits in test squares of all slopes as well as hail strikes to vents, soft metals, gutters, gutter guards, the chimney cap, downspouts, and the exterior paint and AC fins. *Id.* Additionally, Barchetti identified a hail report showing hail of 2.25" or greater impacting the property on the date of loss. *Id.* Based on his findings, Barchetti revised State Farm's repair estimate to $24,708.41 to provide for total replacement of the dwelling and gazebo roofs as well as the other damages identified. *Id. at Exh. A-9*.

Based upon Barchetti's findings, State Farm issued payment to Switzer in the amount of $13,035.40; however, this amount was in error because the deductible was erroneously applied twice. *Id. at Exh. A-10*. Once discovered, State Farm issued to Switzer the amount of the deductible erroneously deducted *Id. at Exh. A-1*. Additionally, State Farm completed a prompt-payment-of-claim review and paid an additional $1,085.69 to account for any potential interest that may be owed on the claim. *Id. at Exh. A-11*. On May 17, 2021, Walker provided receipts for repairs to the chimney for $2,516. 81 and the skylight for $615.00. *Id. at Exh. A-12*. State Farm revised its cost estimates and provided supplemental payments to Switzer to account for these additional expenses above the original estimates. *Id. at Exh. A-13 to A-15*.

State Farm relies upon these undisputed facts and the procedural investigation of Switzer's claim to establish a reasonable basis for delay and eventual payment based upon the parties' dispute as to the extent of damage caused by the subject hailstorm and cost of repairs.

Upon review of the undisputed chronological history of State Farm's investigation of Switzer's insurance claim, the Court concludes State Farm promptly responded to Switzer's

claim by sending its inspector and by working with Switzer to inspect the roof and determine the extent of damage. State Farm based its initial damage decision on the recommendations made by its inspectors, Roland and Hadley. Although Roland and Hadley initially concluded the damage did not warrant roof replacement, when Switzer expressed disagreement and presented his own estimates, State Farm sent another adjuster, Barchetti, to provide another cost estimate for damage repair. When Barchetti concluded total roof replacement was warranted, State Farm adjusted its cost estimate to account for full replacement of Switzer's dwelling and gazebo roof, as well as rear elevation repairs. State Farm's adjustment based upon Barchetti's recommendation repair estimate to $24,708.41 was very close to Switzer's own contractor's estimate for total replacement of the dwelling and gazebo roofs and other damages. This undisputed evidence reveals State Farm never disputed liability for the insurance claim; however, the parties disputed the cost to repair the damage caused by the subject hailstorm.

While Switzer argues State Farm conducted an unreasonable investigation and mishandled Plaintiff's claim due to its multiple revisions of cost estimates and delayed decision to cover full roof replacement after its third inspection, "[a]n insurer does not breach its duty merely by erroneously denying a claim." *Higginbotham*, 103 F.3d at 459. The undisputed chronological factual history, the conflicting investigation reports, and conflicting repair cost estimates by representatives of both parties reveal a reasonable basis for State Farm to continue its review and inspection of the property to determine the extent and cost of damage. This undisputed evidence shows a bona fide dispute about State Farm's liability regarding the extent of damage and cost of repair and reveals State Farm's consistent re-inspection to ensure accurate assessment based upon Switzer's disagreement. This undisputed record evidence reveals State Farm promptly investigated Switzer's claim before denying it. This bona fide dispute does not rise to the level of ac-

tionable bad faith as a matter of law. *See Alvarez v. State Farm Lloyds*, 2020 WL 1033657, at *4; *see also Giles*, 950 S.W.2d at 56, n.5.

With this undisputed record evidence, State Farm adequately shows the basis of this action results from the parties' bona fide coverage dispute. This undisputed history and investigation reveal State Farm satisfies its summary judgment burden of proof to show it had a reasonable basis to delay payment of Switzer's claim and ultimately paid the insurance claim upon confirmation of a repair cost estimate similar to Switzer's own contractor's cost estimate. *See id*. Therefore, the undisputed facts reveal a bona fide coverage dispute which does not rise to liability for a bad faith cause of action.

With this showing, State Farm satisfies its summary judgment burden. The burden shifts to Switzer to present summary judgment evidence to raise a genuine dispute whether State Farm's inspectors or adjustor conducted an unreasonable investigation, or that State Farm's investigation was calculated to underestimate or under-pay Switzer's insurance claim. That is, given State Farm's admitted liability, Switzer must present evidence State Farm conducted its investigation as a pretext for denying full payment of its liability on the claim or with an "outcome oriented" approach to underestimate the extent of damage or cost of repair. *See Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 45.

Switzer presents his own deposition excerpts and Walker's report.[4] *ECF No. 22, Exhs. A, B*. This evidence supports the chronological facts outlined in the case file and substantiates State Farm's showing of a bona fide coverage dispute. Switzer's deposition demonstrates only that he

---

[4] Switzer also presents the expert report and deposition excerpts from Michael Ogden, an expert witness retained for this litigation. *ECF No. 22, Exhs. C, D*. Ogden's opinion and report were derived from his retrospective review of the facts pertinent to this case and were prepared during the course of this litigation to support Switzer's causes of action. Therefore, Ogden's deposition testimony and this expert witness report is not relevant to the Court's focus here, of the reasonability of State Farm's investigation and determination based upon the facts and circumstances before it at the time of its investigation of Switzer's insurance claim.

disagreed with State Farm's conclusions and ultimate assessment of the reasonable cost of repair. The fact that Switzer incurred personal expense or disagreed with State Farm's conclusions, alone, is not sufficient to raise a genuine dispute whether State Farm's investigation was calculated to underestimate or under-pay Switzer's insurance claim. For this reason, the evidence presented by Switzer does not satisfy his burden to raise a genuine dispute whether State Farm acted with bad faith in assessing the cost of its liability for Switzer's insurance claim. *See Alvarez*, 2020 WL 1033657, at *4.

Switzer presents no evidence to dispute the facts that establish State Farm's efforts to determine the extent and cost of the roof damage. For the reasons stated, the Court concludes the undisputed evidence reveals that at the time it reviewed, investigated, and ultimately assessed the cost of its liability on Switzer's insurance claim, State Farm had a reasonable basis for denying or delaying payment on Switzer's claim as a matter of law due to the disputed and contradicting reports and cost estimates. Consequently, Switzer's Motion for Partial Summary Judgment will be granted as it pertains to this cause of action.

### 2. Violation of § 541 of the Texas Insurance Code (Unfair Settlement Practices)

Causes of action that share the same predicate for recovery as a bad faith claim include violation of § 541 of the Texas Insurance Code based upon unfair insurance practices. *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002); *Alvarez*, 2020 WL 1033657, at *3. Therefore, if a court finds as a matter of law that an insurer held a reasonable basis for denial of an insurance claim, a cause of action asserting unfair practices in violation of § 541 of the Texas Insurance Code is precluded as a matter of law. *Higginbotham*, 103 F.3d at 460; *Watson v. State Farm Lloyds*, 56 F. Supp.2d 734, 736 (N.D. Tex. 1999). That is, "an insured may not prevail on claims under article 21.21 of the Texas Insurance Code . . . if the court concludes that the

insured has no cause of action for breach of the duty of good faith and fair dealing." *Higginbotham*, 103 F.3d at 460; *Watson*, 56 F. Supp.2d at 736; *Giles*, 950 S.W.2d at 49.

As discussed, this Court concluded as a matter of law, State Farm held a reasonable basis for delay of final assessment of the extent of damage estimate and payment of Switzer's insurance claim. Consequently, Switzer's cause of action asserting unfair practices in violation of § 541 of the Texas Insurance Code is precluded as a matter of law. *Higginbotham*, 103 F.3d at 460; *Watson*, 56 F. Supp.2d at 736. Summary judgment will be granted on this cause of action.

### 3. Exemplary Damages

State Farm seeks summary judgment on Switzer's request for exemplary damages.

In his Original Petition filed in state court, Switzer seeks an award of exemplary damages related to State Farm's alleged actions supporting the causes of action of breach of duty of good faith and fair dealing, fraud, and unfair settlement practices in violation of Texas Insurance Code § 541. These causes of action will be dismissed for the reasons stated. Consequently, Switzer may not pursue exemplary damages on the remaining causes of action. To this extent, State Farm's Motion for Summary Judgment on Switzer's request for exemplary damages will be granted.

### Conclusion

For the reasons stated, the Court **GRANTS** Defendant State Farm Lloyds' Motion for Partial Summary Judgment as it pertains to Switzer's causes of action of violation of its duty of good faith and fair dealing, violation of § 541 of the Texas Insurance Code based upon unfair settlement practices, violation of the Texas DTPA, and fraud. Accordingly, these causes of action and any request for exemplary damages related to these causes of action are dismissed.

Switzer's causes of action of breach of contract and violation of the Texas Prompt Payment Act shall proceed.

The Court directs the parties to confer and, within 14 days of the date of this opinion, provide the Court with potential dates for trial in March or April of 2023.

It is so ORDERED.
SIGNED this 22nd day of November, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE